IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OPERATING ENGINEERS LOCAL 66, AFL-CIO AND CONSTRUCTION INDUSTRY COMBINED FUNDS, INC., as agent for Board of Trustees of Operating Engineers Local 66 Annuity and Savings Fund, Operating Engineers Construction Industry and Miscellaneous Pension Fund, Operating Engineers Local 66 Benefit Fund, Operating Engineers Local 66 Welfare Fund; Western Pennsylvania Operating Engineers Joint Apprenticeship and Training Program, International Union of Operating Engineers Local 66 Welfare Fund and International Union of Operating Engineers, <br><br> Plaintiff, <br><br> v. <br><br> PETRA PIPELINE SERVICES, LLC a/k/a PETRA PIPELINE SERVICES, INC., <br><br> Defendant. | Civil Action No.    20-1652 |

**COMPLAINT**

1. The Plaintiff is the Operating Engineers Local 66 AFL-CIO and Construction Industry Combined Funds, Inc., as agent for and on behalf of Board of Trustees of Operating Engineers Local 66 Annuity and Savings Fund, Operating Engineers Construction Industry and Miscellaneous Pension Fund, Operating Engineers Local 66 Benefit Fund, Operating Engineers Local 66 Welfare Fund and Western Pennsylvania Operating Engineers Joint Apprenticeship and Training Program, International Union of Operating Engineers Local 66 Welfare Fund and International Union of Operating Engineers ("**Union**") (collectively "**Funds**").  The Funds conduct the business of the Funds at P.O. Box 38682, Pittsburgh, Allegheny County, Pennsylvania 15238-8682.

2. Jurisdiction of this action arises under §409 and 502 of the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), 29 U.S.C. §1132 and §1145, and also

under §301 of the Labor-Management Relations Act of 1947 ("**LMRA**"), 29 U.S.C. §185, in that Defendant Contractor has failed to submit fringe benefit contributions and wage deductions to Plaintiff in violation of a certain Collective Bargaining Agreement or other written agreement ("**Agreement**") entered into with the Union.

3. The Funds are employee benefit plans within the meaning of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1002 (1), (2), (3), (21), §1009(C)(1), (B) and §1132, and bring this action in behalf of the trustees, participants and beneficiaries of such Funds.

4. The trustees of such Funds, which are employee fringe benefit plans established and maintained within the meaning of ERISA, have designated the Operating Engineers Local 66 AFL-CIO and Construction Industry Combined Funds, Inc. as their agent for the collection of contributions and wage deductions payable to such Funds.

5. Defendant Petra Pipeline Services, LLC a/k/a Petra Pipeline, Inc. ("**Defendant Contractor**") is or was engaged in the business of operating a construction company, with its principal place of business at 3726 5th Ct. N, Suite 101, Birmingham, Alabama 35222. Addison Holdings, LLC is the sole member of Petra Pipeline Services, LLC and its parent company.

6. Defendant Contractor has entered into a National Pipeline Agreement ("**Agreement**") with the Union pursuant to which such Defendant Contractor was obligated to submit certain monthly payments to Plaintiff Funds for pension, welfare, apprentice, building, annuity, and Local 66 dues for the benefit of employees covered under such Agreement.

7. Under the terms of such Agreement, Defendant Contractor was required to pay to the Funds certain sums of money for such Defendant's employees who performed classified work during the period from February 2020 through May 2020, with payments to be made by the 30th day of each month, covering the amounts due for the preceding month's operations, and to

furnish monthly reports showing the hours worked and the gross wages paid with respect to which the amounts due are calculated.

8.    Plaintiff Funds aver that Defendant Contractor has failed to make payment of amounts payable to the Plaintiff Funds for covered work performed by such Defendant's employees during the effective dates of its Agreement.

9.    In violation of such Agreement, Defendant Contractor has failed to make timely payments of principal contributions and wage deductions to Plaintiff through May 2020, which has resulted in an estimated principal deficiency of $64,757.98. In addition, interest through October 31, 2020 of $3,553.45 and liquidated damages of $3,237.90 are due to Plaintiff, for a total deficiency of $71,549.33. Interest will continue to accrue after October 31, 2020 at the rate of $21.29 per day.

10.    Plaintiff also claims any additional amounts which may be shown to be due as a result of any audits performed by Plaintiff or remittance reports submitted by Defendant Contractor to the Plaintiff until the termination of this case. If it is determined that employer owes additional principal amounts to the Funds, interest will be assessed on such principal amounts at one and one (1%) percent per month and liquidated damages of five (5%) percent of the amount due, but not less than fifty dollars ($50.00) or more than five hundred dollars ($500.00) per instance. In the alternative, Plaintiff reserves the right to assert a claim for such additional amounts due either in this or a separate legal action.

11.    Pursuant to ERISA, Defendant Contractor is also obligated to the Funds for its reasonable attorneys' fees equal to twenty percent (20%) of the total delinquency. Such fees and expenses total $14,309.87 through October 31, 2020. Plaintiff also claims attorneys' fees on any additional amounts shown to be due to the Funds until termination of this case.

12.    Such Funds are without an adequate remedy at law, and the Funds will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant Contractor is ordered to specifically perform in accordance with the Employee Retirement Income Security Act

of 1974 (ERISA), 29 U.S.C. §1001-1381, and such Defendant's Agreement, and is restrained from continuing to refuse to perform as thereunder required.

13. Pursuant to the aforesaid Agreement and the provisions of ERISA, Plaintiff has the right to examine and audit Defendant Contractor's books and payroll records to determine whether or not Defendant Contractor has made proper deductions, contributions, payments and remittances for all employees covered by said Agreement.

WHEREFORE, such Plaintiff Funds demand the following relief:

a. The issuance of a permanent injunction upon hearing of this case, enjoining the Defendant Contractor from violating the terms of its collective bargaining agreement and the Funds' trust agreements; and

b. A money judgment in favor of the Funds and against the Defendant Contractor in the amount of $71,549.33, plus attorneys' fees of $14,309.87, plus such additional amounts shown to be owed to Plaintiff until termination of this case, plus additional interest at one and one (1%) percent per month, plus liquidated damages, attorneys' fees of twenty (20%) percent of total amount due, and costs of suit; and

c. For the Defendant Contractor to be required, in compliance with the terms of its Agreement, to present for inspection and/or copying all records pertaining to the hours worked by the Defendant Contractor's employees necessary to verify the accuracy of the amounts paid and/or due and owing to the Funds since the last audit conducted by the Funds; and

d. For the Defendant Contractor to be required to file monthly Remittance Reports covering its operations during the effective dates of its Agreement and through the pendency of this action; and

- 4 -

e.     For a money judgment in favor of the Funds and against the Defendant Contractor for additional amounts determined to be due and owing upon such Defendant's submission of its monthly reports and upon such Defendant permitting an audit of its records by the Funds, as required by such Defendant's Agreement; and

f.     Audit costs, court filing fees and litigation costs, and other costs and disbursements in this action; and

g.     Reasonable attorneys' fees for further litigation preparation; and

h.     Additional interest at the rate of one (1%) percent per month on the above principal amounts from the dates it became due and owing; and

i.     For payment in full of any additional amounts that may become due during the pendency of these proceedings; and

j.     That the Court retain jurisdiction of this case pending compliance with its orders; and

k.     For such other and further relief as the Court may deem just.

                                       TUCKER ARENSBERG, P.C.

                                       /s/ Jeffrey J. Leech
Jeffrey J. Leech, Esquire
PA I.D. #19814
jleech@tuckerlaw.com

Neil J. Gregorio, Esquire
PA I.D. #90859
ngregorio@tuckerlaw.com

1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212
Attorneys for Plaintiff,
Operating Engineers Local 66 AFL-CIO
and Construction Industry Combined
Funds, Inc., et al.

TADMS:5386113-1 017020-189611

- 5 -